# UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

Thurgood Marshall U.S. Courthouse   40 Foley Square, New York, NY 10007 Telephone: 212-857-8500

## MOTION INFORMATION STATEMENT

**Docket Number(s):** 14-1494

**Motion for:** Stay of briefing

**Caption [use short title]**

Granite State Insurance Company,
Plaintiff-Appellant

v.

Clearwater Insurance Company,
Defendant-Appellee

**Set forth below precise, complete statement of relief sought:**

To stay briefing until the later of (a) August 12, 2014 (the date currently set) or (b) 45 days after the decision in AIU v. TIG, 13-1580-cv, which is pending before this court, because issues central to resolution of this appeal will be decided by that appeal.

**MOVING PARTY:** Granite State Insurance Co.
[✓] Plaintiff  [ ] Defendant
[✓] Appellant/Petitioner  [ ] Appellee/Respondent

**OPPOSING PARTY:** Clearwater Insurance Co.

**MOVING ATTORNEY:** Edward P. Krugman

**OPPOSING ATTORNEY:** James I. Rubin

*[name of attorney, with firm, address, phone number and e-mail]*

Cahill Gordon & Reindel LLP
80 Pine Street, New York, NY 10005
(212) 701-3000; ekrugman@cahill.com

Butler Rubin Saltarelli & Boyd LLP
70 West Madison Street, Suite 1800, Chicago, IL 60602
(312) 696-4443; jrubin@butlerrubin.com

**Court-Judge/Agency appealed from:** United States District Court, Southern District of NY (Hon. Richard K. Eaton)

**Please check appropriate boxes:**

Has movant notified opposing counsel (required by Local Rule 27.1)?
[✓] Yes  [ ] No (explain): _____

Opposing counsel's position on motion:
[ ] Unopposed  [✓] Opposed  [ ] Don't Know

Does opposing counsel intend to file a response:
[✓] Yes  [ ] No  [ ] Don't Know

**FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUNCTIONS PENDING APPEAL:**
Has request for relief been made below?  [ ] Yes  [ ] No
Has this relief been previously sought in this Court?  [ ] Yes  [ ] No
Requested return date and explanation of emergency: _____

Is oral argument on motion requested?  [ ] Yes  [✓] No  (requests for oral argument will not necessarily be granted)

Has argument date of appeal been set?  [ ] Yes  [✓] No  If yes, enter date: _____

**Signature of Moving Attorney:**
/s/ Edward P. Krugman   **Date:** 6/2/2014   **Service by:** [✓] CM/ECF  [ ] Other [Attach proof of service]

Form T-1080 (rev. 12-13)

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

| | |
|---|---|
| GRANITE STATE INSURANCE COMPANY,<br><br>*Plaintiff-Appellant*,<br><br>-against-<br><br>CLEARWATER INSURANCE COMPANY,<br><br>*Defendant-Appellee.* | Docket No. 14-1494<br><br>**MOTION TO STAY BRIEFING OF THIS APPEAL PENDING DECISION IN A RELATED CASE** |

Pursuant to Second Circuit Rule 27.1, Plaintiff-Appellant, Granite State Insurance Company ("Granite State") hereby moves for a stay of the briefing of this appeal pending resolution of *AIU Insurance Company* v. *TIG Insurance Company*, No. 13-1580-cv, which was argued on April 25, 2014 and is currently awaiting decision. In support of this motion, Plaintiff-Appellant states:

1. The date for filing the Brief of the Appellant and the Appendix in this matter is currently set, pursuant to Local Rule 32.1, as August 12, 2014.

2. Counsel for Defendant-Appellee, Clearwater Insurance Company ("Clearwater"), has stated that Clearwater does not consent to the relief sought herein and intends to file papers in opposition to this motion.

3. This is a reinsurance collection action in which Granite State, the ceding company, seeks to recover approximately $5 million from Clearwater, its facultative reinsurer, in respect of asbestos losses incurred by two of Granite State's insureds. Jurisdiction is based on diversity of citizenship. Clearwater defended the action on the grounds, *inter alia*, that the claims were barred by Granite State's alleged late notice, and the district court (Eaton, J., sitting by designation) granted Clearwater's motion for summary judgment and dismissed the action. A copy of the decision below is annexed hereto as Exhibit A.

4. One of the central issues below was whether New York or Illinois law governed the reinsurer's late notice defense and, if Illinois law governed, whether prejudice is an

element of a reinsurer's late notice defense under Illinois law.  It is undisputed that New York law, in most circumstances, *does* require that the reinsurer demonstrate that it has been prejudiced before it may escape liability on late notice grounds.  The court below, however, held that there was no true conflict here because (a) Illinois law does *not* require a showing of prejudice and (b) an asserted exception to the New York prejudice rule applied, so that New York likewise would not require a showing of prejudice in the circumstances here.  Granite State's appeal to this Court challenges each aspect of that determination.  Annexed hereto as Exhibit B is Granite State's Statement of Issues (Addendum B to Form C) on this appeal.

     5.    Granite State seeks a stay of the briefing in this matter because issues central to the resolution of this appeal are currently before the Court in *AIU Insurance Co.* v. *TIG Insurance Co.*, No. 13-1580-cv, which was argued on April 25, 2014 before Hall, C.J. and Murtha, D.J. (Walker, C.J. recused two days before argument).  These issues (which are comprised by issues 3 and 4 on the Statement of Issues) include:

- Whether Illinois would recognize a prejudice element to a reinsurer's late notice defense?

    The Illinois Supreme Court has never addressed this issue.  Neither has any Illinois appellate court.  The only appellate authority is the Seventh Circuit's decision more than 70 years ago in *Keehn* v. *Excess Insurance Co. of America*, 129 F.2d 503 (7th Cir. 1942).  The issue is whether the Illinois Supreme Court would follow the holding of the New York Court of Appeals in *Unigard Security Insurance Co.* v. *North River Insurance Co.*, 79 N.Y.2d 576, 584 (1992), that prejudice *is* an element of a reinsurer's late notice defense.

- Whether a federal court sitting in New York in a diversity case should follow *Rogers* v. *Grimaldi*, 875 F.2d 994, 1002-03 & n.10 (2d Cir. 1989), in looking to New York law when Illinois law is uncertain, or whether it is bound by *Factors Etc., Inc.* v. *Pro Arts, Inc.*, 652 F.2d 278 (2d Cir. 1981), to treat *Keehn* as controlling notwithstanding that a New York court would not?

    A related issue is whether *Factors* survives *Rogers* v. *Grimaldi* and the Supreme Court's decision in *Salve Regina College* v. *Russell*, 499 U.S. 225, 238-39 (1991), at least when the forum state is New York?

Annexed hereto as Exhibits C, D, and E are the tables of contents of the three briefs to this Court in *AIU* v. *TIG*.

-3-

6. The opinion below in this case (at p. 22, 36, 40-41) cited the district court opinion in *AIU* v. *TIG* in support of its ruling on the Illinois law issues. Unless Clearwater prevails completely in this Court in sustaining the application below of a "no prejudice" rule even under New York law (issues 1 and 2), the choice-of-law and diversity methodology issues so extensively briefed and now awaiting decision in *AIU* v. *TIG* will be front and center here. That means, of course, that unless the common issues have already been resolved by *AIU* v. *TIG*, they will have to be briefed from scratch here.

7. The issues that are common to *AIU* v. *TIG* and this case are not simple ones. It would, we submit, be pure waste — both of space in the briefs and of the time of a Panel of this Court in reading and digesting them — to brief again issues that have already been briefed once by the counsel representing the parties here, have been argued orally by those counsel, and are awaiting decision.

8. Moreover, it is always possible that the Panel in *AIU* v. *TIG* will take a course not exactly congruent with the position of one of the parties in that case. In that event, the parties would not have had the opportunity to brief what will have been determined to be the law of this Circuit on a central issue, and supplemental briefing would most likely be appropriate. Far better, we submit — and far less wasteful — to brief this appeal *once*, knowing what the law of this Circuit is and addressing that law in the context of the facts of this case.

9. We suggest it is unlikely that a Panel of this Court would choose to *decide* this appeal without knowing the result of *AIU* v. *TIG*. It follows, we submit, that this appeal should not be *briefed* until that result is known.

-4-

**WHEREFORE**, Granite State respectfully requests that the date for filing the Brief of the Appellant and the Appendix in this case be stayed until the later of (a) August 12, 2014 (*i.e*., the date currently set) or (b) 45 days after the decision in *AIU* v. *TIG*.

Dated:   New York, New York
         June 2, 2014

                                            /s/ Edward P. Krugman
                                   Edward P. Krugman
                                   CAHILL GORDON & REINDEL LLP
                                   80 Pine Street
                                   New York, New York 10005
                                   (212) 701-3506
                                   ekrugman@cahill.com
                                   *Attorneys for Plaintiff-Appellant*